UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JERRY JOHNSON,

        Plaintiff,

   v.                                                22-CV-6420-FPG
                                                       ORDER

SUPERINTENDANT, Attica Correctional
Facility,
C.O. PETCO,
JOHN DOE #1-5, Corrections Officers,
JANE DOE #1-3, Nurses,

        Defendants.
_____

## INTRODUCTION

In an order entered December 12, 2022, this Court denied Plaintiff's application for leave to proceed with this action without prepayment of the filing fee and gave him thirty days to pay it. ECF No. 5. On January 6, 2023, Plaintiff filed a motion seeking reconsideration of the Court's determination that he has three strikes. ECF No. 6. The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a *pro se* litigant. For the reasons set forth below, the Court partially grants the motion.

## LEGAL STANDARD

In the Second Circuit, "[i]t is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment[.]" *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984) (collecting cases). Reconsideration of a prior decision can generally be justified in the following circumstances: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992) (citing Fed. R. Civ. P. 54(b) and the law of the case doctrine); *accord Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (reviewing denial of a motion to alter or amend judgment under Rule 59(e)).  Courts are reluctant to grant motions for reconsideration unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion to reconsider "is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (reviewing denial of a motion for reconsideration made under Fed. R. Civ. P. 60) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).

## DISCUSSION

Plaintiff argues the Court should not have counted *Johnson El v. Chambers et al.*, No. 7:19-cv-05102-CS (S.D.N.Y. filed May 30, 2019) as a strike because he did not file that action.  The New York Department of Corrections and Community Supervision (DOCCS) Incarcerated Lookup shows that Plaintiff has been in DOCCS custody since September 15, 2005.[1]  The complaint in 7:19-cv-05102-CS arose from an April 2019 traffic stop in which the plaintiff alleged that Town of Chester, NY police officers violated his rights.  *See* 7:19-cv-05102-CS (ECF Nos. 2, 51).  Given Plaintiff's custody status in April 2019, the Court grants Plaintiff's motion for reconsideration to the extent that *Johnson El v. Chambers et al.*, No. 7:19-cv-05102-CS (S.D.N.Y. filed May 30, 2019) and the appeal from that decision will not be counted as strikes.  Even so,

---

[1] *See* https://nysdoccslookup.doccs.ny.gov/ (Jerry L. Johnson, DIN 05B2656, 2005-present); (Jerry Johnson, DIN 84A0393, 1984-1989).  Plaintiff has filed cases using these iterations of his name: Jerry Johnson, Jerry L. Johnson, Jerry LaRue Johnson, and Jerry La Rue Johnson.

Plaintiff's litigation history confirms he accrued three strikes prior to the commencement of this action:

Strike 1:  *Johnson v. Gipson et al*, 1:05-cv-00109-HKS (W.D.N.Y. filed February 17, 2005).[2]  Dismissed under 28 U.S.C. § 1915(e)(2)(B).  *See* ECF No. 11.

Strike 2: *Johnson v. Court of Appeals et al.*, 1:20-cv-05480-LLS (S.D.N.Y. filed July 14, 2020).[3]  Dismissed under § 1915(e)(2)(B)(ii), (iii).  *See* ECF Nos. 20, 21.

Strike 3: *Johnson v. Court of Appeals*, 21-89 (2d Cir.).  Dismissed under § 1915(e) for lacking an arguable basis in law or in fact.[4]  *See* ECF No. 105 (2d Cir.); ECF No. 23 (S.D.N.Y).

The Court previously found that Plaintiff's Complaint did not indicate he was in any danger of serious physical injury at the time he filed this action.  *See* ECF Nos. 5 at 4-7 (Order); 1 at 10-16, 21-26 (Complaint).  Plaintiff's motion for reconsideration does not argue that he is in imminent danger of serious physical injury and the Court does not find any allegations that permit an inference of imminent danger.  *See* ECF No. 6.  Accordingly, Plaintiff's motion for reconsideration is denied to the extent that he cannot proceed *in forma pauperis* unless he prepays the filing fee.

## CONCLUSION

For the reasons stated above, the Court partially grants Plaintiff's motion for reconsideration.  The motion is granted to the extent that *Johnson El v. Chambers et al.*, No. 7:19-cv-05102-CS (S.D.N.Y. filed May 30, 2019) and the appeal from that decision are not considered strikes.  The motion is denied to the extent that he cannot proceed *in forma pauperis* without the

---

[2] Filed as Jerry La Rue Johnson, DIN 05B2656.

[3] Filed as Jerry L. Johnson, DIN 05B2656.

[4] When a plaintiff "(1) files a complaint that is dismissed on one of the listed grounds and then (2) appeals that dismissal, only to have the appeal dismissed, also on one of the listed grounds[,]" *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010), he incurs not one but two strikes, *id.* at 169.

prepayment of fees.  Plaintiff has **30 days** from the entry of this Order to pay the $350.00 filing fee and the $52.00 administrative fee ($402.00 in total).  If Plaintiff does not submit $402.00 to the Clerk of Court by that date, the Complaint shall be dismissed without prejudice, and the Clerk of Court shall terminate this action without further order of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith.  Therefore, leave to appeal as a poor person is denied.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: January 18, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York